Megan Pierce, Oregon Bar No. 232825 (lead counsel)
Rachel Brady, Illinois Bar No. 6312402*
Renee Spence, Florida Bar No. 0107419*
311 N Aberdeen St., 3rd Floor
Chicago, IL 60607
megan@loevy.com
brady@loevy.com
spence@loevy.com

*Admitted *pro hac vice*

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION**

| | |
|---|---|
| **FRANK GABLE**, | Case No. 6:24-cv-01131-AA |
| Plaintiff, | |
| vs. | **PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO APPOINT PERSONAL REPRESENTATIVES FOR DECEASED DEFENDANTS** |
| **TOMY ACKOM, as PERSONAL REPRESENTATIVE OF THE ESTATE OF FREDRICK ACKOM, et al.**, | |
| Defendants. | Jury Trial Requested |

Defendants do not dispute that Mr. Gable's claims against Mr. Pierce, Mr. Fox, Mr. Ranger, and Mr. Brandaw survive their deaths. Defendants do not dispute that Mr. Gable's claims are timely. And they do not dispute that a federal court in a Section 1983 case has authority to appoint a representative to enable a plaintiff to pursue his civil rights claims.

The *only* thing Defendants argue is that the *Rooker-Feldman* doctrine bars this Court from reviewing the decision of the Oregon probate court.[1] But Plaintiff is not asking this Court to review the decision of the Oregon probate court. Plaintiff asks this Court to exercise its own authority to appoint a representative to defend this case on behalf of the four deceased wrongdoers, unrelated to any probate or estate issues. Thus, *Rooker-Feldman* does not apply here.

## I.    Plaintiff Does Not Seek Federal Review of a State Court Holding

The *Rooker-Feldman* doctrine deprives a federal court of jurisdiction over *claims*, not individual requests for relief within a proper federal case. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). It applies only in limited circumstances, and is not triggered simply because there is parallel state and federal litigation. *Id.* at 291. Defendants are correct that *Rooker-Feldman* identifies categories of "forbidden *de facto* appeal[s]." *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003). But this is not one of them. A "forbidden appeal" involves a plaintiff bringing a claim in federal court where the legal injury complained of *is* the state court's decision, and the resolution sought is reversal of the state court's decision. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) ("*Rooker–Feldman* thus applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment."). Or it involves a plaintiff bringing a claim in federal court challenging a state law rule and the state court's application of that rule such that the state law rule or application *is* the legal wrong from which a plaintiff seeks relief. *Noel*, 341 at 1155, 1158. In either case, the *claim* in federal court is about the state court rule or judgment.

---

[1] Defendants also incorrectly state that Plaintiff did not appeal the state court rulings. Plaintiff did appeal, and the appeals were dismissed pursuant to ORS 19.205.

2 - Plaintiff's Reply in Support of His Motion to Appoint Representatives

Neither is the case here, because Plaintiff's *claims* do not involve a wrong in state court. In Oregon Probate Court, an interested third party, Maite Uranga, sought to open estates for the deceased defendants and have herself appointed as personal representative of those estates, at Plaintiff's request. Had Ms. Uranga been successful, Plaintiff would have then asked this court to substitute Ms. Uranga as a defendant in her capacity as personal representative of those estates. The Oregon state court denied Plaintiff's request, and so no estates were established.

Plaintiff is not asking this Court to review the Oregon probate court's decision not to open the estates or refusal to appoint a representative of the estates pursuant to Oregon law. Plaintiff is asking this Court to do what federal law—specifically 42 U.S.C. § 1988—authorizes it to do: create its own remedy to ensure Plaintiff can pursue his civil rights claims against relevant wrongdoers, completely unrelated to any estate proceedings.

**II.    This Court Has Authority to Grant Plaintiff's Requested Relief**

As Plaintiff explained in his opening motion, and which Defendants do not dispute, the first step in a Section 1983 case is to identify if there is some sort of gap in the law. Here there is a gap, because Section 1983 provides no guidance on what to do when an alleged wrongdoer dies before the claim accrues. Finding that gap, the Court must look to state law to figure out what to do next, *unless* state law prevents the plaintiff from seeking relief. *Robertson v. Wegmann,* 436 U.S. 584, 588 (1978) (quoting 42 U.S.C. § 1988). Here, Oregon state courts interpreted state law in a way that does prevent relief, so this Court must provide its own avenue for relief. *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014). Defendants do not argue otherwise.

To the extent Defendants believe that Plaintiff's discussion of ORS 12.190 was a request that this Court review the state court's decision involving that provision, they are mistaken.

3 - Plaintiff's Reply in Support of His Motion to Appoint Representatives

Plaintiff discussed that statute merely to underscore that state law, as interpreted in this case, prevents relief such that this Court can, and must, fashion its own remedy under Section 1988.

## CONCLUSION

WHEREFORE, Plaintiff respectfully asks this Court to appoint a personal representative to defend this lawsuit on behalf of Mr. Pierce, Mr. Fox, Mr. Ranger, and Mr. Brandaw, and substitute the personal representative as a defendant.

Respectfully submitted,

Franke Gable

BY: s/ Rachel Brady
*One of Plaintiff's Attorneys*

Rachel Brady (IL 6312402)
Renee Spence (FL 0107419)
Megan Pierce (OR 232825)
LOEVY + LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, IL 60607
T: (312) 243-5900
brady@loevy.com