IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

FRANK GABLE,

Plaintiff,

v.

FREDERICK ACKOM, et al.,

Defendants.

Civ. No. 6:24-cv-01131-AA

**OPINION AND ORDER**

AIKEN, District Judge.

Plaintiff alleges federal civil rights violations under 42 U.S.C. § 1983 against individual Defendants, six of whom are now deceased. Before the Court is Plaintiff's Motion to Appoint a Personal Representative for four of those Defendants: William Pierce, Dennis Fox, Mark Ranger, and Emil Brandaw. ECF No. 58. For the reasons explained below, the Motion is DENIED.

## BACKGROUND

After spending 30 years in prison, Plaintiff's petition for habeas corpus was granted, given evidence that Plaintiff gathered demonstrating that Defendants had coerced and manipulated witnesses into falsely testifying to secure Plaintiff's conviction. Compl. ¶¶ 115-122. This Court vacated Plaintiff's conviction and ordered a new trial. *Id.* ¶¶ 117-119. The Ninth Circuit Court of Appeals affirmed, stating that "the State's main witnesses were irreversibly tainted by coercive investigative techniques." *Gable v. Williams*, 49 F.4th 1315, 1319-19 (9th Cir. 2022). Ultimately, Plaintiff's charges were dismissed with prejudice. Compl. ¶¶ 120-121.

Now, Plaintiff brings this suit against Defendants, alleging that they violated his constitutional rights under the Fourth and Fourteenth Amendments and are liable to him for tortious conduct under Oregon law. Six of the named Defendants are deceased. Pl. Mot. at 2, ECF No. 58. For two of them, Plaintiff has substituted their personal representatives, allegedly duly appointed under Oregon law. *Id.* For four of them, William Pierce, Dennis Fox, Mark Ranger, and Emil Brandaw, no estate was ever opened. *Id.*

Plaintiff retained probate counsel to open estates and have appointed a personal representative who could defend the lawsuit for the four Defendants. *Id.* at 3. The probate court denied the petition as untimely under ORS 12.190. *Id.* Plaintiff filed a motion to reconsider, which was denied. *Id.* Plaintiff asserts that the probate court's application of state law has frustrated his efforts to pursue his civil rights action against these four Defendants. *Id.* He asks this Court to invoke its authority

Page 2 – OPINION AND ORDER

under 42 U.S.C. § 1988 to effectuate the purpose of 42 U.S.C. § 1983 and appoint a personal representative for the deceased Defendants. *Id.*

Since the filing of the Motion, Plaintiff's appeal has been revived in state court. ECF 86 at 9.c. Oral arguments have been scheduled in the Oregon Court of Appeals for May 20, 2026. Notice of Oral Argument, *In the Matter of William John Pierce, deceased*, Oregon Court of Appeals, No. A186732 (March 11, 2026)

## DISCUSSION

Under 42 U.S.C. § 1988, the jurisdiction conferred on district courts to protect civil rights by the provision of § 1983 "shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect."  But, in all cases where § 1983 is "deficient in the provisions necessary to furnish suitable remedies and punish offenses against law," the common law governs the court's disposition, and that disposition must be consistent with the laws of the state where the district court sits and with the Constitution. 42 U.S.C. § 1988. The "ultimate rule adopted under § 1988 'is a federal rule responsive to the need whenever a federal right is impaired.'" *Robertson v. Wegmann*, 436 U.S. 584, 588 (1978) (quoting *Moor v. County of Alameda,* 411 U.S. 693, 703 (1973)).

Plaintiff asserts that under § 1988, the Court must fashion a remedy where state law falls short in achieving the remedial purpose of § 1983. Pl. Mot. at 4. Here, Plaintiff maintains that the state failed to open estates and appoint person representatives in state court, and therefore, this Court must appoint personal representatives to defend the case on behalf of the deceased alleged wrongdoers. *Id.*

Page 3 – OPINION AND ORDER

In Plaintiff's own words: "[S]tate law cannot frustrate Section 1983 actions, and there is no legitimate argument or authority to the contrary." Pl. Mot. at 4.

The issue with Plaintiff's motion is that Plaintiff is actively appealing the adverse decision of the state probate court. With an appeal pending, this Court cannot answer the threshold question of whether the state law is "deficient," as would be necessary to consider the asked-for federal remedy under § 1988. If Plaintiff is successful in his appeal, there is no longer any argument that state law is deficient, and therefore no need for the Court to craft a federal remedy.

In sum, Plaintiff's motion rests on a premise—that he was "frustrated" in state court—that is subject to change, and that Plaintiff is actively trying to change in proceedings before the Oregon Court of Appeals. Plaintiff's motion is not ripe for decision on the merits. Plaintiff may renew the motion once the outcome in state court is final.

## CONCLUSION

For the reasons explained above, Plaintiff's Motion to Appoint a Personal Representative, ECF No. 58, is DENIED. Plaintiff may renew this motion, if applicable, once the state courts have rendered a final decision and no appeal is pending.

It is so ORDERED and DATED this _____19th_____ day of March 2026

_/s/Ann Aiken_____
ANN AIKEN
United States Senior District Judge

Page 4 – OPINION AND ORDER