IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


FRANK GABLE,

          Plaintiff,

    v.

PAUL BAIN, et al.,

          Defendants.

_____

Civ. No. 6:24-cv-01131-AA

**OPINION AND ORDER**

AIKEN, District Judge.

    Counsel for Defendant Guy Dorman moves this Court to appoint of Wayne Dorman, Defendant Guy Dorman's son, as guardian ad litem ("GAL") for Defendant Guy Dorman. ECF No. 83. For the reasons explained, the Motion is GRANTED.

## BACKGROUND

    Defendant Guy Dorman is 74 years old and has been diagnosed with major neurocognitive disorder, as well as post-traumatic stress disorder ("PTSD"). ECF No. 84-1 at 2. Defendant Guy Dorman is regularly hospitalized due to a heart condition

Page 1 – OPINION AND ORDER

that has deteriorated and is reliant on a pacemaker. Declaration of Wayne Dorman, ¶ 6 ("Dorman Decl."). Defendant Guy Dorman's son, Wayne Dorman, manages Defendant Guy Dorman's schedule and is "primary point of contact for all of [Defendant Guy Dorman's] medical providers." *Id.*

The declaration explains that Defendant Guy Dorman "can no longer drive and cannot manage his own affairs." Dorman Dec. ¶ 3. Additionally, it is claimed that Defendant Guy Dorman "can no longer manage his finances on his own[,]" cannot calculate a tip at a restaurant, confuses current and historic events, provides "some" inaccurate answers to medical providers, and was "unable to recall the name of his youngest son[.]" *Id.* ¶¶ 3-5.

A report by Karen L. Chaney, Psy.D., based on an in-person evaluation on January 15, 2025, on behalf of the Roseburg Veterans Healthcare System, states that "[t]he patient's cognitive deficits interfere with daily activities (bill paying, medication management, and appointments)." ECF No. 84-1 at 2. Dr. Chaney also states that "[s]cores for rote verbal and visual memory, set-switching, phonemic fluency, working memory, inhibition, fine motor function, visual construction, and an isolated weakness for visual pattern recognition emerged in the impaired range." *Id.* Additionally, Defendant Guy Dorman "may start a conversation and then switch without warning to talk about an unrelated topic without awareness." *Id.*

On the other hand, Defendant Guy Dorman "is independent in bathing, dressing, and grooming. . . The patient said he unsuccessfully uses recipes to cook because he forgets where he is and may miss or repeat steps. However, he said he

Page 2 – OPINION AND ORDER

had not left the cooktop unattended. Instead, he makes sandwiches for lunch and eats dinner with the family." *Id.* at 4.

## DISCUSSION

Under the Federal Rule of Civil Procedure 17(c)(2), a court "must appoint a guardian ad litem . . . to protect . . . [an] incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Importantly, "represented" does not refer to legal counsel, but to certain kinds of "representatives": a "general guardian," a "committee," a "conservator," or "like fiduciary." Fed. R. Civ. P. 17(c)(1)(A)-(D).

"A guardian *ad litem* is not a general guardian." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1051 (E.D. Cal. 2015). "A guardian ad litem . . . is '[a] guardian, [usually] a lawyer, appointed by the court to appear in a lawsuit on behalf of an incompetent or minor party.'" *Id.* at 1052 (quoting Black's Law Dictionary (10th ed. 2014) (alteration in original). A guardian *ad litem* is an officer of the court, and "if a guardian ad litem is not a lawyer, he or she must be represented in turn by counsel." *Id.*

Rule 17(c) requires "a district court to take whatever measures it deems proper to protect an incompetent person during litigation." *O.E.O. v. Figueroa*, No. CV-25-02283-PHX-DWL (MTM), 2025 WL 1952675, at *1 (D. Ariz. July 16, 2025) (quoting *Davis v. Walker*, 745 F. 3d 1303, 1311 (9th Cir. 2014)). "Having counsel is 'likely ...sufficient' to adequately protect the interests of such a person, and a determination that able representation by competent counsel is sufficient will 'satisf[y] the court's obligations under Rule 17(c).'" *Id.* (quoting *Davis*, 745 F.3d at 1311).

Page 3 – OPINION AND ORDER

The threshold inquiry before invoking Rule 17(c) is a determination of competency. *See Espinoza v. Warden, San Quentin State Prison,* No. 2:94-CV-1665 KJM DB, 2023 WL 6164270, at *1-2 (E.D. Cal. Sept. 21, 2023). The Federal Rule of Civil Procedure 17 controls, and under Rule 17(b)(1), "the federal court looks to state law competency standards." *Id.* at *2. However, "[w]hile state law governs the determination of competency, the procedure for determining it is set by federal law." *Id.* (citing *In re County of Orange*, 784 F. 3d 520 523-24 (9th Cir. 2015)).

Under the Rule 17(b)(1), ""[c]apacity to sue or be sued is determined ... for an individual who is not acting in a representative capacity, by the law of the individual's domicile[.]" Fed. R. Civ. P. 17(b)(1). For an incapacitated individual domiciled in Oregon, Oregon Rule of Civil Procedure 27(B) controls. In turn, that rule looks to whether a person is "incapacitated or financially incapable, as those terms are defined in ORS 125.005." Or. R. Civ. P. 27(B).

Under Oregon law,

"'Incapacitated' means a condition in which a person's ability to receive and evaluate information effectively or to communicate decisions is impaired to such an extent that the person presently lacks the capacity to meet the essential requirements for the person's physical health or safety. 'Meeting the essential requirements for physical health and safety' means those actions necessary to provide the health care, food, shelter, clothing, personal hygiene and other care without which serious physical injury or illness is likely to occur."

ORS 125.005(5).

Alternatively,

"'Financially incapable' means a condition in which a person is unable to manage financial resources of the person effectively for reasons including, but not limited to, mental illness, mental retardation,

Page 4 – OPINION AND ORDER

physical illness or disability, chronic use of drugs or controlled substances, chronic intoxication, confinement, detention by a foreign power or disappearance. 'Manage financial resources' means those actions necessary to obtain, administer and dispose of real and personal property, intangible property, business property, benefits and income."

ORS 125.005(3).

If Defendant Guy Dorman meets either of these definitions, he is considered incapable of defending a civil suit under Oregon law, so would be considered "incompetent" under the meaning of Federal Rule of Civil Procedure 17(c), and thus subject to that Rule's provisions.

Here, some facts support a finding that Defendant Guy Dorman is "incapacitated" under Oregon law (inability to manage medication), but others cut the other way (able to groom and feed himself, albeit with some limitations). But the facts make a stronger and substantial showing that Defendant Guy Dorman is at least "financially incapable." Defendant Guy Dorman has been diagnosed with a host of ailments, both mental and physical: PTSD, dementia, and an advanced heart condition. Defendant Guy Dorman cannot pay his own bills or perform rudimentary math for calculating a tip. His affairs are managed by his son because Defendant Guy Dorman can no longer manage his own finances. Therefore, the Court finds that Defendant Guy Dorman is financially incapable under Oregon law and thus incompetent for purposes of Rule 17(c).

The Court turns to its obligations under Rule 17(c)(2) to adequately protect Defendant Guy Dorman in this litigation. While Defendant Guy Dorman has counsel, he is "unrepresented" under the meaning of Rule 17(c) because he does not have a

Page 5 – OPINION AND ORDER

general guardian, conservator, or a person acting in a similar fiduciary capacity. Sometimes having counsel is sufficient, but here, Defendant Guy Dorman's counsel has moved the court for an appointment of a GAL. That militates against finding that counsel, on its own, is adequate to protect Defendant Guy Dorman in this litigation.

Defendant Guy Dorman's son, Wayne Dorman, is willing to be appointed as GAL for his father. Wayne Dorman already manages his father's affairs and seems a suitable appointee in this matter. In combination with Defendant Guy Dorman's attorneys for the Oregon Department of Justice, the court finds the appointment of Wayne Dorman as GAL for Defendant Guy Dorman appropriate to protect Defendant Guy Dorman's interests in this litigation. The Court grants the motion.

## CONCLUSION

For the reasons explained above, Plaintiff's Motion to appoint Wayne Dorman as guardian ad litem for Defendant Guy Dorman, ECF No. 83, is GRANTED.

It is so ORDERED and DATED this _____1st_____ day of May 2026.


      _/s/Ann Aiken_____
      ANN AIKEN
      United States Senior District Judge

Page 6 – OPINION AND ORDER